IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEITH WHITEING, TDCJ #601292, § § Plaintiff, § § v. § § METROPOLITAN TRANSIT AUTHORITY, § UNNAMED METRO POLICE OFFICERS, § and METRO CHIEF VERA BUMPERS, § § Defendants. § | CIVIL ACTION NO. H-18-0447 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Keith Whiteing, also known as Kevin Whiting (TDCJ #601292), is an inmate presently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) in connection with his arrest by officers employed by the Metropolitan Transit Authority in Houston. Because the plaintiff is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

The plaintiff is presently serving a prison sentence that he received as the result of two felony convictions from Harris County for possession of cocaine and harassment of a public servant.[1] Both offenses occurred on April 1, 2014.[2] Public records show that indictments were returned against the plaintiff on May 29, 2014, and that he was convicted of the charges pursuant to a guilty plea entered on March 24, 2015.[3]

The plaintiff now sues the Houston Metropolitan Transit Authority ("Metro") and Metro Police Chief Vera Bumpers, alleging that two unnamed Metro police officers used excessive force against him during his arrest on April 1, 2014, and filed "false" charges against him.[4] Invoking 42 U.S.C. § 1983, plaintiff seeks compensatory damages for his mental anguish and false imprisonment.[5]

## II. Discussion

The plaintiff's Complaint, which is based on incidents that occurred in 2014, was signed on December 6, 2017.[6] The limitations

---

[1] See Texas Department of Criminal Justice, Offender Information Details, located at: http://offender.tdcj.texas.gov (last visited March 23, 2018).

[2] Id.

[3] See Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited March 23, 2018).

[4] Complaint, Docket Entry No. 1, pp. 3-4.

[5] Id. at 4.

[6] Id. at 5.

period for a claim brought pursuant to 42 U.S.C. § 1983 is determined by the general statute of limitations governing personal injury in the forum state. See Price v. City of San Antonio, Texas, 431 F.3d 890, 892 (5th Cir. 2005) (per curiam). Civil rights claims under § 1983 are governed by the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Plaintiff therefore had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. See Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998).

Typically, a cause of action under § 1983 accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." Id. at 1020. To the extent that the plaintiff contends that excessive force was used during his arrest, he knew or would have known of his injury, if any, when that arrest occurred on April 1, 2014. Accordingly, the plaintiff's excessive-force claim is barred by the two-year statute of limitations.

A § 1983 claim seeking damages for a false arrest, where the arrest is followed by criminal proceedings, accrues "at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 127 S. Ct. 1091, 1100 (2007). Legal process in the form of grand jury indictments were instituted against the plaintiff on May 29, 2014. The plaintiff's Complaint, which is dated December 6, 2017, is well outside the statute of limitations

period. Because the plaintiff waited more than two years to file suit from the time his claims accrued, his Complaint is untimely and subject to dismissal as legally frivolous. See <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 256 (5th Cir. 1993).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint filed by Keith Whiteing, also known as Kevin Whiting (TDCJ #601292), (Docket Entry No. 1) is **DISMISSED with prejudice** as legally frivolous.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy of this Order by regular mail or electronic mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on this 26th day of March, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE